IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS ALBERTO MORALES-BADILLO
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 15-2213CCC
(Related Crim. 12-0398CCC)

**OPINION AND ORDER**

Before the Court is the Motion under 28 U.S.C. § 2255 filed by Petitioner Luis Alberto Morales-Badillo (hereinafter "Petitioner" or "Morales-Badillo") (**d.e. 1**). The Government's Response (d.e. 3) For the reasons discussed below, the Court finds the Motion as well as the Supplemental Petition must be **DENIED**.

**I.     BACKGROUND**

Petitioner Morales-Badillo was charged in a six-count Indictment (d.e. 1 in Cr. 12-398CCC).

Counts One through Five charged Morales-Badillo with production and attempted production of child pornography,[1] in violation of Title 18, United States Code, Section 2251(a) and (e) (d.e. 1 at pages 1-3 in Cr. 12-0398CCC).

Count Six charged Petitioner with possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B) (d.e. 1 at p. 3 in Cr. 12-0398CCC). The Indictment also included a forfeiture allegation pursuant to Title 18, United States Code, Section 2253 (d.e. 1 at p. 4 in Cr. 12-0398CCC).

On August 30, 2011, Morales-Badillo was arrested at a state jail, he was transferred from state jail to the Metropolitan Detention Center in Guaynabo,

---

[1]Each count involved a different minor.

Puerto Rico, on May 22, 2012. On May 23, 2012, Petitioner appeared before a Federal Magistrate Judge (d.e. 36 at p. 2 in Cr. 12-0398CCC).

At the time of his arrest by federal authorities, Petitioner was serving a total term of imprisonment of fifteen (15) years and one (1) day at the state level for conviction of statutory rape, lewd and lascivious conduct and sexual aggression against under aged victims[2] (d.e. 36 at p. 29 in Cr. 12-0398CCC).

On October 5, 2012, Petitioner, through his court-appointed counsel, filed a Motion for Change of Plea[3] (d.e. 20 in Cr. 12-0398CCC).

On November 16, 2012, Morales-Badillo, after being found competent to plea by the Court, pled guilty as to all counts of the Indictment (d.e. 27 in Cr. 12-0398CCC).

On September 6, 2013, Petitioner's sentencing hearing was held. The Court sentenced Morales-Badillo to a total term of imprisonment of fifty (50) years, a Supervised Release Term of fifteen (15) years and a Special Monetary Assessment of six hundred dollars[4] ($600.00) (d.e. 46 in Cr. 12-0398CCC). Judgment was entered on September 6, 2013 (d.e. 47 in Cr. 12-0398CCC).

On September 10, 2013, Morales-Badillo filed a timely Notice of Appeal (d.e. 48 in Cr. 12-0398CCC).

On August 28, 2015, the First Circuit Court of Appeals entered its Judgment on the matter of Petitioner's appeal. "Counsel has filed a brief

---

[2] The victims of the state level charges included but were not limited to the victims described in the federal indictment against Morales-Badillo.

[3] In said motion, counsel indicated that Morales-Badillo wished to change his plea to guilty pursuant to a straight plea. Meaning there was no plea agreement with the Government and Petitioner was willing to plead guilty to all counts of the Indictment (d.e. 20 in Cr. 12-0398CCC).

[4] The Court denied Petitioner's request to serve his federal sentence concurrent to his state sentence therefore the same will be served consecutively to the state sentence (d.e. 55 at p. 35 in Cr. 12-0398CCC).

pursuant to Andres v. California, 386 U.S. 738 (1967), along with a motion to withdraw. Having carefully reviewed the brief and record, we conclude that there is no non-frivolous basis for appeal. Consequently, counsel's request to withdraw is granted and the judgment is summarily affirmed." United States v. Morales- Badillo, App. 13-2215 (1st Cir. 2015).

On April 20, 2015, Petitioner signed his 2255 Petition for Relief (d.e. 58 at p. 10 in Cr. 12-0398CCC). However, the same was filed in the United States District Court for the District of Maryland. On August 19, 2015, the United States District Court of Maryland transferred, electronically, Morales-Badillo's 2255 Petition to this district (d.e. 58-2 in Cr. 12-0398CCC).

Morales-Badillo's 2255 Petition for Relief was formally entered into docket on September 2, 2015, and given case number 15-2213(CCC). As such the case is ready for disposition by this Court.

## II. DISCUSSION

In his Petition under 28 U.S.C. § 2255, Morales-Badillo raises the following allegation of ineffective assistance of counsel:

> Trial counsel was ineffective for failing to negotiate a plea agreement with the government opting instead to recommend Petitioner plead guilty pursuant to a straight plea.

### A. 28 U.S.C. § 2255 Standards and Exhaustion Requirements

28 U.S.C. § 2255 allows a federal prisoner to move the Court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States . . .
2. the court was without jurisdiction to impose the sentence
3. The sentence was in excess of the maximum authorized by law or . . .
4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. Bucci v. United States, 662 F.3d 18 (1st Cir. 2011), Smullen v. United States, 94 F.3d. 20 (1st Cir. 1996). United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

Morales-Badillo did file an appeal of his case, pursuant to Petitioner's statement in his 2255 Petition his ground for appeal was that "his sentence was to long" (d.e. 1 at p. 2). Yet the First Circuit Court accepted appellate's counsel Andres brief and determined after reviewing the record that there were no non-frivolous basis for appeal, United States v. Morales- Badillo, App. 13-2215 (1st Cir. 2015).

The only alternative left for Petitioner is to raise a valid claim of ineffective assistance of counsel.

### B. Claim of Ineffective Assistance of Counsel

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel, Morales-Badillo must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996); Darden v. Wainwright, 477 U.S. 168 (1986); Lockhart v. Fretwell, 506 U.S. 364 (1993).

Petitioner bears a "very heavy burden" in his attempt to have his sentence vacated premised on an ineffective assistance of counsel claim, Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). Even more so under Strickland standard, "only where, given facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012), quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010), which in turn quotes Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006).

In order to successfully satisfy the first prong of the Strickland test, petitioner must show that "in light of all the circumstances, the identified acts or omissions [allegedly made by his counsel] were outside the wide range of professionally competent assistance." Tejada v. Dubois, 142 F.3d 18, 22

(1st Cir. 1998) (quoting Strickland, 466 US. at 690).  Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland at 689).  Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight."  Argencourt v. United States, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 689).

The second prong of the Strickland test, the element of prejudice, also sets the bar high.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  Argencourt v. United States, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 691).  Petitioner must "prove that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different."  Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (citing Strickland, 466 U.S. at 687).

This means that if petitioner is successful in showing deficiencies in his counsel's representation, he then must conclusively establish that those deficiencies led to a real prejudice against him in the criminal proceedings. Id. at 694.  Petitioner has failed to meet the Strickland standard in all of his claims.

    **C.**   **Ineffective assistance of counsel - Trial counsel was ineffective for failing to negotiate a plea agreement with the government opting instead to recommend Petitioner plead guilty pursuant to a straight plea**.

Morales-Badillo claims in a perfunctory manner that his counsel was ineffective for she never tried to negotiate a plea agreement on his behalf and

advised him to plead guilty as a straight plea to the Indictment as charged.[5] Petitioner provides no support for this allegation. Morales-Badillo is not only mistaken in his statement, the same is contrary to law.

Attached to the United States' response to Petitioner's Motion are four exhibits. These four exhibits clearly depict two separate email communications, September 12, 2012 and October 4, 2012, between Petitioner's counsel and the prosecutor of the case. Both communications are initiated by defense counsel and both are requesting a plea agreement for Morales-Badillo. In both instances counsel is informed that "there is no plea agreement or plea offer on the table." (d.e. 3-1)

Clearly, Morales-Badillo's counsel attempted to obtain a plea agreement from the Government which refused stating "due to the nature and circumstances of this case, we will not be entering into a Plea Agreement . . . ." (d.e. 3-1)

The email communications between defense counsel and the Government clearly indicate that Morales-Badillo is wrong in his allegation.

Furthermore, the Supreme Court in Missouri v. Fryer has clearly established that "a defendant has no right to be offered a plea (see Weatherford, 429 U.S. at 561 (1971)) nor a federal right hat the judge accept it (Santobello v. New York, 404 U.S. 257 (1971)." Missouri v. Fryer, 132 S.Ct. 1399, 1410 (2012).

Having established that Morales-Badillo has no right to be offered a plea agreement by the government and given the uncontroverted fact that his counsel on two separate occasions contacted the prosecutor to request a plea

---

[5] By pleading guilty to the Indictment Petitioner was entitled to receive and did in fact receive a three (3) point reduction of his total offense level for timely acceptance of responsibility.

agreement on his behalf and was rejected, there can be no valid claim of ineffective assistance of counsel based on counsel's failure to negotiate a plea agreement for Petitioner. Morales-Badillo's claim of ineffective assistance of counsel is **DENIED**.

### III.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner Luis Alberto Morales-Badillo's federal habeas relief is **DENIED**. Furthermore, Petitioner's request for evidentiary hearing is also **DENIED**.

### IV.   CERTIFICATE OF APPEALABILITY

For the reasons previously stated, the Court hereby **DENIES** Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on April 19, 2017.

                                                                S/CARMEN CONSUELO CEREZO
                                                                United States District Judge